Carver, McClenahan & Greenfield, Boise, Idaho, Smith & Ewing, Caldwell, Idaho, for appellants.

Anderson, Kaufman & Kiser, Boise, Idaho, for appellees.

Before HEALY and POPE, Circuit Judges, and MATHES, District Judge.

Henry E. RUBELT, by Raymond Edward Ashby, his grandson and next friend, Appellant,

v.

D. O. BYBEE and W. A. Bybee, Appellees.

No. 14777.

United States Court of Appeals Ninth Circuit.

Jan. 25, 1956.

PER CURIAM.

The action below was brought by Rubelt as plaintiff through his next friend against the defendants-appellees seeking to cancel and annul on the ground of fraud a certain lease and option agreement between the parties. Jurisdiction was predicated upon an alleged diversity of citizenship between Rubelt, a citizen of Idaho, and the two defendants Bybee alleged to be citizens of Oregon.

The answer denied that the defendant D. O. Bybee was a citizen of the State of Oregon and alleged that he was a citizen of Idaho. The plaintiff's proof of D. O. Bybee's citizenship was produced through the introduction of the latter's deposition which supplied the only evidence upon this subject. On this deposition it appeared that prior to Bybee's acquisition of the lease and option referred to, in April, 1950, Bybee resided with his family at his ranch at Nyssa, Oregon, but after he acquired the lease and option of April, 1950, by which he acquired a ranch near Riddle, Idaho, he spent approximately thirty-five percent of his time at this Idaho ranch and

the remainder of his time in Oregon. The Idaho ranch was in an area remote from schools and shopping facilities and Bybee's family, consisting of wife and children, were not moved to Idaho but remained at Nyssa although they occasionally visited the Idaho ranch. The ranch house in Idaho was occupied by Bybee's employee and his wife and Bybee occupied a room in the ranch house where he kept some of his clothing. Generally he went "home on week ends, to Nyssa". In the summer of 1952, the year prior to the institution of the action, he registered to vote in the State of Idaho and he voted in the general election at Riddle in that year. He continued after the date when he claimed to have changed his residence to Idaho to renew his Oregon driving license without notification of any change of address. His federal income tax return was filed with the Director of Internal Revenue in Oregon and described his address as Nyssa, Oregon. His children attend school in Oregon. He testified that he considered the Idaho ranch as his home.

Upon the record as made by this deposition the trial court found that the evidence was insufficient to establish that D. O. Bybee was not a citizen of the State of Idaho and concluded that there was failure of jurisdiction of the court based upon diversity of citizenship of the parties. Having thus come to the conclusion that it was without jurisdiction, and that the action must be dismissed, the court for some reason which is not apparent to us proceeded nevertheless to make findings of fact and conclusions of law relating to the merits of the action. These findings followed a motion made by defendants at the conclusion of plaintiff's case asking for a dismissal on the ground that on the facts and the law plaintiff had shown no right to relief as prayed for in his complaint.

Although the evidence given by D. O. Bybee upon his deposition with respect to his domicile and citizenship was somewhat equivocal, we think that we cannot hold the trial court in error in finding that this defendant was in

fact a resident and citizen of the State of Idaho. Having made that finding the court was required to dismiss the action and was without power or authority to make any determination whatever with respect to the merits of the action. See cases cited in Swan v. First Church of Christ, 9 Cir., 225 F.2d 745, 747. Accordingly the judgment of the district court is vacated and the cause is remanded with directions to dismiss it for want of jurisdiction.